## Van E. McFARLAND, Appellant,

v.

## AMERICAN MULTICINEMA CORP. and Crow–Westchase Associates, Appellees.

### No. 01–93–00520–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 27, 1997.

Van E. McFarland, Houston, pro se.

Malcolm Williams, Houston, for Appellees.

Before SCHNEIDER, C.J., and MIRABAL and HUTSON–DUNN, JJ.[1]

### ORDER

PER CURIAM.

We have considered appellee American Multicinema Corporation's motion for rehearing, and hereby deny the motion.

It is so **ORDERED.**

HUTSON–DUNN, J., dissents from the denial of rehearing.

HUTSON–DUNN, Justice (Assigned), dissenting from denial of rehearing.

This is a motion for rehearing based upon the reversal of a directed verdict as to appellee American Multicinema Corporation ("AMC"). I dissent from the denial of rehearing. After further reflection, I also withdraw my approval of the original majority opinion as to its reversal of the directed verdict for AMC.

Appellant McFarland sued several parties, including appellees American Multicinema Corp. (AMC) and Crow–Westchase Associates (Associates), under a premises liability theory for the flooding of his automobile in a parking lot adjacent to the AMC movie theater he was patronizing. In his fourth amended petition, McFarland contradictorily alleges that the parking lot he parked his car in was the parking lot of both AMC and Associates. For example, he states that Associates "*owned and operated* the Westchase shopping center and extended an open invitation to the public to enter and *park on its premises* and patronize its tenants' businesses." (Emphasis added.) He then alleges that Associates "failed to warn the public that *their* parking lot was subject to flooding during heavy rains." (Emphasis added.) However, McFarland also states that "AMC knew that *its* parking lot was flooding." (Emphasis added.)

Both AMC and Associates filed general denials to the allegations in McFarland's petition. Further, AMC filed a third party petition, alleging AMC should not be held liable because "the leasing contract in effect between American Multicinema, Inc. and Trammel Crow Company states that the landlord, Trammel Crow Company, is responsible for the 'common area,' which includes the parking lot."

At the trial of this case, McFarland, an attorney representing himself *pro se*, testified in narrative form. However, neither McFarland's testimony nor any other evidence presented indicated who owned or operated the parking lot.

At the close of McFarland's case, counsel for Associates made an oral motion for directed verdict because the "plaintiff ha[d] failed to prove his case." Associates then offered specific arguments on each element of McFarland's cause of action—beginning by addressing damages and causation before the court interjected and the following exchange took place:

> THE COURT: I agree with that. I grant the motion for directed verdict *on the entire case.*
>
> [Counsel for Associates]: I was going to move *for the whole case,* Your Honor.

1. The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

THE COURT: That's what I thought when you got to causation that you are talking about *the whole case.*

[Counsel for Associates]: I did.

THE COURT: Right, I will grant it.

(Emphasis added.) After the court granted Associates' motion for directed verdict on "the whole case," AMC joined Associates' motion. AMC reiterated that it was moving for directed verdict on "plaintiff's entire case," and the court granted AMC's motion.

On appeal, the majority concluded the only bases for directed verdict asserted by either defendant were causation and damages, and affirmed the directed verdict as to Associates because there was "no evidence that the parking lot owner Crow–Westchase Associates could have done anything to prevent the flooding." The Court, however, reversed as to AMC because there was some evidence that employees of AMC could have seen "the surprise deluge and knew patrons' vehicles were subject to flooding." I disagree that the motion for directed verdict of AMC was based solely on causation and damages.

The basis of both Associates' and AMC's motions for directed verdict was that "plaintiff has failed to prove his case." The trial court's judgment—granting directed verdicts in favor of both Associates and AMC—stated that "plaintiff had wholly failed to meet his burden." Neither the arguments of the movants nor the judgment of the trial court were based on a particular element of McFarland's case. Rather, both stemmed from the fact that McFarland completely failed to prove his case.

In denying rehearing, the majority again fails to realize AMC's motion for directed verdict was based on "plaintiff's case" in its entirety and not solely on causation and damages. The record here reflects that, in addition to the sweeping language of AMC's motion—directed verdict on "plaintiff's entire case"—AMC argued in its brief that "[t]here was no testimony as to the duty ... of American Multicinema." The record in this case contains no evidence supporting a duty owed to McFarland by AMC. Where no evidence of probative force on an ultimate fact exists, the trial court is obligated to direct the verdict. *University Nat'l Bank v. Ernst & Whinney,* 773 S.W.2d 707, 709–10 (Tex. App.—San Antonio 1989, no writ).

The existence of a duty is a question of law for the court to decide from the particular facts of the case. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex. 1990). In light of the broad language of the trial court's judgment, the court necessarily determined that AMC owed no duty to McFarland. The trial court granted a directed verdict as to AMC because "plaintiff ... wholly failed to meet his burden," without limiting the judgment to a specific element of McFarland's cause of action.

Therefore, without any evidence that AMC owed McFarland a duty, any inquiry into causation or damages was pointless. The absence of a duty forecloses any meaningful discussion of causation as a matter of law.

For the above-stated reasons, I respectfully dissent and would grant AMC's motion for rehearing and affirm the trial court's directed verdict on behalf of AMC.